George E. DUDLEY, Receiver for Insurance Investors Trust Company, a Kentucky Corporation, Louisville, Kentucky, Plaintiff,

v.

SOUTHEASTERN FACTOR AND FINANCE CORPORATION, a Georgia Corporation, et al., Defendants.

Civ. A. No. 13241.

United States District Court, N. D. Georgia, Atlanta Division.

June 22, 1970.

Grizzard, Jones, Parker & Simon, Charles D. Read, Jr., Atlanta, Ga., Handmaker, Weber & Meyer, Louisville, Ky., for plaintiff.

Ivan A. Ezrine, New York City, for defendant Atlantic Services, Inc.

Hester & Hester, Martin H. Rubin, Atlanta, Ga., for defendants Olen, Scheuerman and Crown Services Corp.

McDonald & Mills, Fitzgerald, Ga., and Huie & Harland, Atlanta, Ga., for Nell Kimball.

Charles I. Reynolds, and Margaret W. Reynolds, pro se.

Long & Pierce, Atlanta, Ga., for Charles I. Reynolds and Margaret W. Reynolds.

Charles D. Wheeler, Decatur, Ga., for James E. Bryan.

Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., for A. D. Malkin.

Stokes, Manning & Boyd, Atlanta, Ga., for Carondelet Financial Corp. & Southeastern Factor.

Daniel P. Matthews, pro se.

Ivan A. Ezrine, New York City, for Merle Moskovitz.

Caldwell, Bridges & Page, Thomaston, Ga., for Holloway Norris.

Bruce W. Skinner, pro se.

## ORDER

EDENFIELD, District Judge.

This civil action was brought by George E. Dudley, Receiver for Insurance Investors Trust Company (hereinafter referred to as IITC) to recover damages allegedly sustained by IITC as a result of defendants' wrongfully withholding from IITC (a shareholder of Defendant Southeastern Factor and Finance Corporation) its proportionate share of a liquidating distribution from Southeastern. Jurisdiction is alleged under the Securities Act of 1933 (15 U. S.C. § 77a et seq.), 28 U.S.C. § 1337, and 28 U.S.C. § 1332. Defendants Ernestine and James M. McDaniel (hereinafter referred to as Defendants McDaniel) and Defendants Maurice E. Olen, C. A. Scheuerman, and Crown Services Corporation (hereinafter referred to as the Olen defendants) have moved to dismiss on grounds of (1) failure to state a claim, (2) improper venue, (3) failure to state a claim under the Securities Acts and improperly joining with the claim arising under the Securities Acts a claim based on common law grounds of misfeasance, malfeasance, fraud, and unjust enrichment, and (4) failure to show on the face of the complaint that the action was brought within the period of the statute of limitations. In additions, the Olen defendants have moved to dismiss for insufficiency of process and lack of personal jurisdiction.

The complaint alleges that in July 1966 IITC and Southeastern entered into a written contract pursuant to which IITC conveyed to Southeastern approximately 621,000 shares of the common stock of another corporation (Acme, Inc.) in exchange for approximately 168,000 shares of the preferred stock of Southeastern. IITC subsequently transferred some of its Southeastern stock to First American Life Insurance Company of Alabama, which company thereafter was also a preferred shareholder of Southeastern.

During the summer of 1967, Defendant Atlantic Services, Inc., and Defendant Southeastern entered into an agreement pursuant to which Southeastern was to sell to Atlantic certain shares, and options to purchase additional shares, of preferred stock in First American Life Insurance Company of Alabama, and Atlantic was to issue to Southeastern 34,000 shares of Atlantic's convertible preferred stock. This latter transaction allegedly was pursuant to a plan of liquidation adopted by Southeastern whereby all creditors and shareholders were to receive assets of Southeastern. Defendant Atlantic allegedly distributed the shares which it had agreed to transfer to Southeastern directly to the creditors and common shareholders of Southeastern, pursuant to Southeastern's instructions, but in so doing ignored the preferred position of IITC and First American (of which latter corporation Atlantic was itself a preferred shareholder). IITC now claims that the transaction between Atlantic and Southeastern was intended to, and did, result in a fraud upon certain shareholders of Southeastern in that they were not given their liquidating shares as required by Southeastern's liquidation plan.

The court must agree with defendants that the complaint does not set forth a claim arising under the Securities Acts. Those statutes give rise to causes of action arising out of fraudu-

lent or deceptive acts connected with the *sale* or *purchase* of securities. As the Fifth Circuit recognized in Hooper v. Mountain States Securities Corp., 282 F.2d 195 (5th Cir. 1960), a significant purpose of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and the regulations authorized therein (SEC Regulation X–10B–5) was to extend to *sellers* of securities the same protection against fraudulent and other unlawful schemes which the Securities Act of 1933 afforded to those defrauded in the *purchase* of securities. In the instant case any injury plaintiff received as a result of the acts set forth in the complaint did not result from the sale or purchase of securities, but, rather, resulted from the purchaser corporation's failure properly to distribute among its shareholders certain securities which the corporation itself had purchased.[1] Such actions, however wrongful under state law, are not within the purview of the Securities Act of 1933 or the Securities Exchange Act of 1934.

■ In view of the foregoing, it is evident that plaintiff's federal claims must be dismissed and that the state claims therefore should also be dismissed unless an independent ground of federal court jurisdiction exists as to those claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). And such jurisdiction must exist, if at all, only by virtue of the diverse citizenship of the parties (28 U.S.C. § 1332). Furthermore, since neither the plaintiff nor all of the defendants reside in this judicial district venue is proper only if the action has been brought in the district where the claim arose. 28 U.S.C. § 1391(a). It is impossible to tell from the complaint in its present posture whether or not diversity jurisdiction is present for there are

no allegations as to the place of incorporation and the principal place of business of some of the defendant corporations. (For example, Defendant Crown Services Corporation is merely alleged to be "a corporation with offices in Alabama.") Furthermore, numerous defendants are alleged to be "residents" of certain states without any indication whatever as to what states they are "citizens" of, and it is the state of citizenship—not the state of residency—which determines whether diversity of citizenship exists.

The court has serious doubts as to whether the common law cause of action plaintiff asserts arose in this district, and as to whether this court has personal jurisdiction over all of the defendants, but absent a substantial allegation that the court has subject matter jurisdiction of the common law claim those questions need not, and will not, be determined.

■ In summary, the court holds that the complaint does not state a claim under the Securities Act of 1933 or the Securities Exchange Act of 1934 and the federal claims therefore are dismissed for failure to state a claim. Furthermore, since it does not appear from the complaint that an independent ground of federal court jurisdiction exists with regard to the common law claim the state claim is dismissed without prejudice to its being refiled if an independent ground of federal court jurisdiction can be demonstrated.

Also before the court is a motion by the law firm of Huie and Harland to be stricken as counsel for Defendant Kimball. It appearing that defendant has been properly notified of this request, and no objection thereto having been presented to the court, this motion is hereby granted.

It is so ordered.

---

1. Although plaintiff contends in his brief that the complaint alleges that IITC's 1966 purchase of Southeastern's preferred shares was induced by misrepresentation, this contention is incorrect. The complaint contains no such allegation either directly or indirectly.